RAWLS, Judge
(dissenting).
It is my view that the majority erred in concluding that the recorded conversations between Davis and Tollett were admissible into evidence. That conclusion is based on the quicksand of hearsay testimony.
*462 An analysis of the facts as recited in the majority opinion discloses, without contradiction, that the central figure of this transaction was one Jeff Davis who is only heard from through the mouth of Lieutenant Larry Campbell. Campbell says that Davis contacted him; Campbell says that he asked Davis to help him with Tollett by making a buy; Campbell says Davis declined this offer; Campbell says Davis later decided to “set up Tollett”; Campbell says that he told Davis to come to his private office and telephone Tollett; and Campbell says that he recorded the conversation between Davis and Tollett with Davis’s permission.
Without further belaboring an analysis of the facts which are fully detailed in the majority opinion, every material transaction concerning the controverted telephone conversation is predicated upon what Campbell testified that Davis said or did. It is my view that such a predicate is contrary to every fundamental principle of American and English jurisprudence developed throughout the years. The trial judge initially sustained defendant’s objection stating: “I think that the objection is well taken, that it must be shown there was some consent given by Davis at the outset.” To overcome this objection, the State asked the deputy sheriff if Davis, the sender, had given consent for the officer to intercept the transmission. Defendant vigorously objected that the officer’s testimony as to consent by the sender violated the elementary rule of evidence precluding hearsay testimony. The trial judge, in my opinion, committed reversible error in permitting such self-serving hearsay testimony on the part of the State.
It is my view that this Court’s opinion in Barber v. State[1] requires a reversal of the cause. In that case, as in the instant cause, a deputy sheriff attached a recording device to the sender’s telephone and recorded a telephone conversation between the sender and defendant Barber. Of material importance is the distinction that prior to the tape recording being admitted in evidence in the Barber case, supra, the sender, Mrs. Hartley who was termed as “the prosecuting witness,” testified that she gave her consent that the conversation be recorded by the deputy sheriff. In the instant cause, consent for the conversation to be intercepted and recorded was not established by either party to the conversation. The distinction is not one without a difference. Chief Judge Sturgis, speaking for the majority of this Court, clearly founded the opinion in Barber, supra, upon the consent of the sender, viz.:
“The unauthorized procurement of evidence by aid of a mechanical device used to intercept a telephone or telegraph communication is commonly referred to as ‘wire tapping’ and if objected to, is not admissible. However, it is consistently held to be admissible if procured with the consent of one or more of the conversants, even though the person adversely affected had no knowledge of the interception.”
The consent of the sender has not been established in this cause.
As pointed out by appellant, the citizens of this State materially changed their Constitution in 1968, wherein an additional provision was inserted in the Declaration of Rights[2] prohibiting “ * * * the unreasonable interception of private communications by any means * * *. [Information obtained in violation of this right shall not be admissible in evidence.” (Emphasis supplied.) Here, we are presented with a deputy sheriff testifying that he asked a jail inmate to institute a series of telephone calls to procure evidence against the person receiving the call. The inmate, who was the sender, although listed as a witness for the State, did not testify.
*463 Thus neither party to the “private communications” testified as to consent being given for the interception. To refuse to give meaning to this clear provision of our State Constitution, in my opinion, emasculates the sacred guarantee of privacy in telephone communications.
I would reverse the convictions with directions to discharge the defendant.

. Barber v. State, 172 So.2d 857 (Fla.App. 1st, 1965).

. Article I, Section 12, Declaration of Rights, Constitution of Florida 1968, F.S.A.